UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:10-CR-19-KSF-REW |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| KENNETH J. ROWE, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

Defendant, Kenneth J. Rowe, pled guilty to two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), on October 27, 2010. Judge Coffman sentenced Defendant on February 4, 2011, to 360 months imprisonment on each count, to run concurrently, and lifetime supervised release on each count. Rowe, by counsel, appealed to the Sixth Circuit, which wholly affirmed his sentence on June 15, 2012. DE #73 (Order).

On August 3, 2012, Rowe filed a motion to compel retained trial counsel, Hon. Bryce Caldwell, to send Rowe a copy of "his case file." DE #75 (Motion). On October 16, 2012, Defendant moved to expedite his motion to compel. DE #77 (Motion). Judge Coffman denied both motions on December 5, 2012, finding that Rowe had failed to demonstrate "sufficient cause" for the requested relief. DE #79 (Order).

Defendant now moves the Court to alter or amend the December 5, 2012 Order denying his motion to compel. DE #80 (Motion).[1] Rowe filed for relief on December

---

[1] Ultimately, the Court construes the relief request as a motion to reconsider. Rowe styled his pleading as a motion to alter or amend judgment, but that relief is only

1

26, 2012. Mr. Caldwell responded to the motion on December 27, 2012, stating that he previously forwarded a complete copy of Defendant's file to a family member designated by Defendant and that he has not obtained any new document regarding Defendant. DE #82 (Response). District Judge Forester subsequently referred the instant motion to the undersigned.[2] DE #83 (Order). The Court ordered the Clerk to serve Rowe with a copy of Mr. Caldwell's response, and provided Rowe an opportunity to reply. Defendant replied, attaching a letter from his son and his wife, which states that neither has received a file or other paperwork from Mr. Caldwell. DE #85 (Reply).

Defendant's motion requests multiple forms of relief. Primarily, Rowe requests that the Court amend its Order and direct Mr. Caldwell to provide him a copy of the case file. DE #80 (Motion). Alternatively, Rowe seeks appointment of counsel to receive the file and/or help him file a motion under 28 U.S.C. § 2255. *Id.* Finally, Defendant requests that the Court toll the statute of limitations for filing a § 2255 motion, stating:

---

available under Federal Rule of Civil Procedure 59, which is not applicable in a criminal proceeding. The Federal Rules of Criminal Procedure make no mention of either type of request. However, "courts adjudicating [motions to reconsider] in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Canal Barge Co., Inc.*, No. 4:07-CR-12-JHM, 2009 WL 541267, at *1 (W.D. Ky. Mar. 4, 2009) (collecting cases). "Such motions may be made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has now become available; or (3) It is necessary to correct a clear error of law to prevent manifest injustice." *Canal Barge Co., Inc.,* 2009 WL 5431267, at *1 (citation and internal quotation marks omitted). "Rule 59(e) is not intended to be used to relitigate issues previously considered or to submit evidence which, in the exercise of reasonable diligence, could have been submitted before." *Id.* (citations and internal quotation marks omitted). Rowe here presents nothing to meet his burden; he simply desires the Court to change its mind, a position wholly inadequate under the applicable standard. Given the overall nature of Rowe's request, the Court issues this as a recommended disposition to Judge Forester.

[2] On December 26, 2012, the Clerk reassigned the case to Judge Forester for all further proceedings.

2

"being deprived of his legal materials has deprived him of effective use of the time that was consumed trying to obtain the legal file." *Id.*

The Court cannot find a basis for jurisdiction over Mr. Caldwell. Following Rowe's *pro se* notice of appeal, Mr. Caldwell moved to withdraw. Judge Coffman denied the request without prejudice to reassertion at the Sixth Circuit. DE #54 (Order). Judge Coffman ultimately granted Rowe's application to proceed *in forma pauperis*, and the Sixth Circuit appointed appellate counsel for Rowe. DE ##64 (Order); 65 (Letter). In its September 7, 2011 appointing letter, the Sixth Circuit stated: "This appeal is taken from a judgment entered by the United States District Court Judge Jennifer B. Coffman of the Eastern District of Kentucky at Lexington. Attorney Bryce L. Caldwell of Lexington, KY, has been granted to leave to withdraw from further representation and your appointment to succeed prior counsel is made pursuant to the terms of the [Criminal Justice] Act." DE #65 (Letter). The record does not reflect an order from any Court expressly giving Mr. Caldwell permission to withdraw, but the criminal matter is closed. Defendant was represented by new counsel on appeal. Plainly, Mr. Caldwell is Defendant's former counsel, and is not before the Court at this time. The Court must thus recommend denial of Rowe's motion.

To the extent the Court has inherent supervisory powers over matters of this sort, the Court declines to exercise that power at this time. Mr. Caldwell's response indicates that he previously forwarded a complete copy of Rowe's file to designated members of Rowe's family. DE #82 (Response). Although correspondence submitted with Defendant's reply perhaps contradicts that claim, the Court's lack of jurisdiction over Mr. Caldwell compels denial. Defendant must pursue his request directly from Mr. Caldwell.

The Court does, however, note counsel's obligation to comply with Kentucky Supreme Court Rule 3.130(1.6)(d):

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled . . . . The lawyer may retain papers relating to the client to the extent permitted by other law.

*Id.* The Commentary to the Rule explains further:

> A lawyer must return the client's file, papers, and property after termination if the client requests the file. The lawyer may retain a copy of the file. A lawyer may charge a reasonable copying charge, but may not condition return of a client's files, papers, and property upon payment of the copying charge, unless the lawyer has previously provided a copy, either during the representation or after cessation of the representation. A lawyer must make one copy of the file and materials available to the client even without payment if the client's interests will be substantially prejudiced without the documents.

*Id.* at Cmt. 9. Mr. Caldwell is an officer of the Court and undoubtedly will continue to be responsive to and compliant with these principles.

The Court must also recommend denial of Rowe's requests for appointed counsel and to toll the statute of limitations. Rowe does not have a general right to appointed counsel in the prosecution of a § 2255 motion. *Pennsylvania v. Finley*, 107 S. Ct. 1990, 1993 (1987); *see also Brown v. United States*, 20 Fed. App'x 373, 375 (6th Cir. 2001). Further, there is no basis for Rowe's open-ended and prospective tolling request, especially in this context. *See United States v. Yarrington*, 838 F. Supp. 2d 832, 834 (D. Ill. 2012) ("While the limitation period is not jurisdictional and may be equitably tolled, equitable tolling is reserved for extraordinary circumstances and is generally applied retroactively - not prospectively.") (citations omitted); *but see Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002) (affirming use of prospective equitable tolling in § 2254

proceeding where tolling received the same result as a stay); *Carter v. Bradshaw*, 583 F. Supp. 2d 872, 884 (N.D. Ohio 2008) (prospectively tolling the § 2254 statute of limitations in a capital case pending the petitioner gaining competency). Accordingly, the Court **RECOMMENDS** that the District Court fully **DENY** Rowe's motion (DE #80).[3]

\* \* \* \* \*

The Court issues this Order resolving a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Criminal Procedure 59(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 30th day of January, 2013.



Signed By:
Robert E. Wier
United States Magistrate Judge

---

[3] The Court reminds Rowe of the 1-year statute of limitations for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f). The Sixth Circuit affirmed Rowe's sentence on June 15, 2012, and Defendant thus had 90 days from that date to petition the United States Supreme Court for a writ of certiorari. It does not appear, on this record, that Rowe sought further review. Accordingly, the judgment likely became final, and the § 2255 clock began to run, on September 13, 2012. Thus, per the Court's calculations, Rowe likely has until September 13, 2013, to timely file a § 2255 motion.