UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-19-KSF

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          **OPINION & ORDER**

KENNETH J. ROWE                                                       DEFENDANT

* * * * * * * * * * * *

This matter is before the Court on the Motion of the Defendant, Kenneth J. Rowe, pursuant to 18 U.S.C. § 2518(10), to suppress recordings [DE #89]. Specifically, Defendant seeks to suppress intercepted communications recorded by Keene, New Hampshire Detective James McLaughlin, as well as all evidence derived from these communications, including any statements obtained from Defendant through exploitation of this evidence, as well as Defendant's guilty plea. This matter is ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement with the United States, on October 27, 2010, Defendant pled guilty to two counts of distribution of child pornography [DE #37]. As part of the plea agreement, Defendant waived his right to appeal and the right to collaterally attack his guilty plea and conviction [DE #44]. However, Defendant reserved the right to appeal any sentence greater than 15 years imprisonment, as well as the right to appeal any order of restitution not agreed to by Defendant. Defendant also reserved the right to file a §2255 claim [*Id.*]. At his rearraignment, Defendant

1

explicitly confirmed his waiver of his rights as set forth in his plea agreement with the United States [DE #68]. Defendant also confirmed that he understood that once he pled guilty, he would be bound by his plea and would not be permitted to withdraw it unless he presented evidence that persuaded the Court that there is a fair and just reason to permit him to withdraw his plea [*Id*]. The Court accepted Defendant's guilty plea [DE #36, 68]. On February 4, 2011, the Court sentenced Defendant to 360 months of imprisonment on each count, to be served concurrently, for a total term of 360 months of imprisonment, to be followed by a life term of supervised release [DE # 43, 46]. Although Defendant appealed his sentence to the Sixth Circuit Court of Appeals, the District Court's judgment was affirmed [DE#74]. Defendant has not filed a motion for relief pursuant to 28 U.S.C. § 2255 and his request to toll the statute of limitations for filing such a motion was denied on June 24, 2013 [DE #90].

Despite Defendant's waiver of the right to collaterally attack his guilty plea and conviction, Defendant has now filed a motion, under 18 U.S.C. § 2518(10), to suppress intercepted communications recorded by Detective McLaughlin, and all evidence derived from those communications, including any statements obtained from Defendant through exploitation of that evidence, as well as Defendant's plea of guilty. Defendant's case was investigated jointly by the FBI, the Kentucky State Police and the Madison County Sheriff's Department. During this investigation, law enforcement in Kentucky learned that Detective McLaughlin, an officer in New Hampshire posing as an undercover with an interest in children, had been chatting with Defendant from October 2009 to January 2010. During Detective McLaughlin's investigation, Defendant emailed him numerous videos containing child pornography and stated that he had a prior conviction for a sexual offense involving children. Detective McLaughlin provided copies of these chats to law

enforcement in Kentucky. According to Defendant, while in prison, he met another inmate named J. Randall Ismay, whose conviction was based upon internet communication recordings provided by Detective McLaughlin. Defendant states that, through Ismay, he has learned that Detective McLaughlin's recording method for his communications does not comply with the requirements of 18 U.S.C. § 2518(8)(a).

Section 2518(8)(a) provides that "[t]he contents of any wire, oral, or electronic communication intercepted by any means authorized by this chapter shall, if possible, be recorded on tape or wire or other comparable device," and that "[t]he recording of the contents of any wire, oral, or electronic communication under this subsection shall be done in such a way as will protect the recording from editing or other alterations." 18 U.S.C. § 2518(8)(a). According to Defendant, during Ismay's trial, McLaughlin revealed that the method that he used to record his communications was a "select-copy-and-paste" technique, whereby he selected text in one program "window," copied the text to his computer's clipboard, and then "pasted" the text into a blank Microsoft Word word processing document, which he then saves as a "text" (.txt) file. Defendant argues that this method does not comply with § 2518(8)(a) because it does not "protect the recording from editing or other alterations." Accordingly, Defendant argues that any evidence obtained by Detective McLaughlin in Defendant's case should be suppressed.

## II.   ANALYSIS

Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure requires motions to suppress evidence to be made before trial. Fed. R. Crim. Pro. 12(b)(3)(C). Defendant's motion to suppress was not only filed after he pled guilty, but also after his unsuccessful appeal of his sentence. Thus, it goes without saying that Defendant's motion to suppress is untimely under Rule 12(b)(3). Rule

3

12(e) further provides that any Rule 12(b)(3) defense, objection or request that is not raised by the deadline set by the court under Rule 12(c) is waived, although the court may grant relief from the waiver for good cause. Fed. R. Crim. Pro. 12(e). Here, not only did Defendant waive his right to seek to suppress this evidence by waiting until after his guilty plea to file this motion, he also explicitly waived his right to appeal and collaterally attack his guilty plea and conviction in his plea agreement with the United States.

Defendant argues that this motion was not made prior to trial because: "(1) [Defendant's] trial counsel either (a) was not aware of the recording requirement of 18 U.S.C. § 2518(8)(a); (b) lacked the technical knowledge about computers that would have been necessary to realize that McLaughlin's recording method did not comply with 18 U.S.C. § 2518(8)(a); and/or (c) simply did not feel like making such motion; and (2) [Defendant], himself, was not aware of the grounds for such motion, nor that the authorization to make such motion existed, until recently." Defendant also points to 18 U.S.C. § 2518(10), which provides that any aggrieved person in any trial, hearing or proceeding in or before any court may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter on the grounds that the communication was unlawfully intercepted. 18 U.S.C. § 2518(10). This section further provides that such a motion "shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion." *Id*.

Defendant has failed to show good cause to justify granting him relief from his waiver of his right to file a motion to suppress. His belated complaints about the quality of his counsel are directly contradicted by his repeated prior assurances to the Court that he was fully satisfied with the advice, representation, and counsel that his attorney provided to him [DE #68]. In addition, the fact that

4

Defendant may not have been aware of Detective McLaughlin's alleged practices in Ismay's case until recently does not mean that Defendant had no opportunity to investigate Detective McLaughlin's practices in his own case prior to pleading guilty.  Even if Defendant's statements regarding McLaughlin's methods in Ismay's case are accurate and even if these methods do not comply with 18 U.S.C. § 2518(8), Defendant has made no showing that Detective McLaughlin employed such methods in Defendant's case.  More critically, Defendant has failed to demonstrate that he or his counsel did not have an opportunity to investigate the methods used by the police in Defendant's case and determine whether a motion to suppress would be warranted prior to Defendant's guilty plea.

For all of the foregoing reasons, the Court, being fully and sufficiently advised, HEREBY ORDERS that Defendant's motion to suppress recordings [DE #89] is DENIED.

Dated this 16th day of April, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY