UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>KENNETH J. ROWE, )<br>)<br>Defendant/Movant. )<br>) | No. 5:10-CR-19-KKC-REW-1<br>No. 5:16-CV-54-KKC-REW<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 29, 2016,[1] Defendant/Movant, Kenneth Rowe, filed a *pro se*[2] motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. DE #106 (Motion). Per Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has conducted its initial review of the motion.

Based on the Court's initial consideration, it "plainly appears from the motion . . . and the record of prior proceedings that [Rowe] is not entitled to relief[.]" Rule 4(b). Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** the motion (DE #106) and **not** issue a Certificate of Appealability.[3]

---

[1] The filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (per curiam). Here, Rowe certified under penalty of perjury that he submitted the § 2255 motion to the prison mailing system on January 29, 2016. *See* DE #106 (Motion), at 7. Likewise, a penitentiary stamp on the exterior of Petitioner's mailing envelope indicates the motion was first submitted to the prison mail system on January 29, 2016. *See* DE #106-2 (Envelope), at 2.

[2] Pro se petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief").

[3]      Upon initial review, the Court also perceives the motion as likely time-barred. Section 2255 provides in relevant part:

1

I. **Background Information**

The United States, via FBI Special Agent Mary E. Trotman, filed a criminal complaint and affidavit on January 25, 2010, charging Rowe with knowingly distributing one or more visual depictions of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. §

---

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Coffman entered judgment on February 11, 2011. DE #46 (Judgment). Rowe timely appealed, and the Sixth Circuit affirmed the conviction on June 18, 2012. DE #73. Rowe did not petition the Supreme Court for a writ of certiorari. "When a federal criminal defendant takes a direct appeal to the court of appeals, [his] judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Clay v. United States*, 123 S. Ct. 1072, 1079 (2003)). The ninety-day period to petition for certiorari runs from the date of the court of appeals's judgment or order, not from the date of mandate issuance. *See Clay*, 123 S. Ct. at 1076 (citing Sup. Ct. R. 13(3)). Accordingly, Rowe had ninety days from June 18, 2012, or until September 17, 2012, to petition the Supreme Court for a writ of certiorari. He then had one year from September 17, 2012, to file a § 2255 motion. Rowe did not file his motion until January 29, 2016, thereby missing the filing deadline by over 2 years. His petition thus appears time-barred. Further, the Court previously warned Rowe about the § 2255 deadline in its recommendation on an earlier filed motion to compel. *See* DE #86 (Recommended Disposition), at 5, n.3. However, given the screening of Rowe's claim as frivolous, the Court does not, at this juncture, recommend dismissal based on timeliness.

Rowe's motion does contain an argument centered on innocence, which appears directed at any procedural bar to relief created by AEDPA's statute of limitations. *See* DE #106, at 6. While true that a claim of actual innocence can overcome this procedural burden, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), Rowe does not claim actual innocence, *see Bousley v. United States*, 118 S. Ct. 1604, 1607 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."). He merely claims the invalidity of the statue criminalizing his conduct. The Court defers assessment of this sub-issue as unnecessary at this time.

2256(2), in violation of 18 U.S.C. § 2252(a)(2). DE #1 (Complaint). A federal grand jury indicted Defendant on February 18, 2010. The Indictment largely tracked the complaint. Counts one and two of the Indictment charged Rowe with knowingly distributing one or more visual depictions of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), in violation of 18 U.S.C. § 2252(a)(2); and count three of the Indictment charged Rowed with knowingly possessing one or more visual depictions of a minor engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), in violation of 18 U.S.C. 2252(a)(4)(B). DE #15 (Indictment). Pursuant to 18 U.S.C. § 2253, the Indictment also sought to forfeit Rowe's interest in a number of personal electronics items. *Id.*

In October 2010, Rowe pleaded guilty to counts one and two of the Indictment. DE #36 (Minute Entry); DE #44 (Plea Agreement). District Judge Jennifer B. Coffman sentenced Defendant on February 4, 2011, to 360 months of imprisonment on each count, to run concurrently, for a total term of imprisonment of 360 months, and a lifetime term of supervised release. DE #43 (Minute Entry); DE #46 (Judgment). Defendant reserved the right to appeal any sentence greater than 15 years imprisonment. DE #44, at 6.

Defendant timely appealed his sentence to the Sixth Circuit. On appeal, Rowe challenged the substantive reasonableness of his sentence. In June 2012, the Sixth Circuit affirmed the sentence and wholly denied relief. DE #73 (Opinion).

In June 2013, over two years after his conviction, Defendant purported to file a motion to suppress recordings pursuant to 18 U.S.C. § 2518(10). DE #89 (Motion). Defendant sought to suppress multiple internet chat dialogues recorded by Keene, New Hampshire, Detective James McLaughlin, who had posed "as an undercover with an interest in children" and had been chatting with Defendant. DE #93 (Order), at 2. On April 16, 2014, the District Court denied the

3

motion as untimely under Federal Rule of Criminal Procedure 12(b)(3)(C) and 12(e) (now 12(c)(3), *see* 2014 Amendments to Federal Rules) and 18 U.S.C. § 2518(10). *See id.* at 3-5. Defendant appealed, and, on December 17, 2014, the Sixth Circuit affirmed the District Court citing the motion's untimeliness under Rule 12(b)(3)(C). *See* DE #99 (Opinion), at 2. Defendant filed a petition for writ of certiorari with the United States Supreme Court; that Court denied the petition on November 16, 2015. *See* DE #104 (Letter confirming petition filed 7/10/15); DE #105 (Letter denying petition).

On January 29, 2016, Defendant filed the instant motion pursuant to § 2255. DE #106 (Motion).

## II. Analysis

As noted, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the Court to conduct a preliminary review of each § 2255 motion. Subsection b provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*See id.* Summary dismissal is appropriate for "wholly conclusory or frivolous" claims, *Sappington v. United States*, 76 F.3d 379, at *1 (6th Cir. 1996) (table), or "'vague and conclusory allegations.'" *United States v. Mercer*, 289 Fed. App'x 481, 482 (3d Cir. 2008); *see also United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("Under [the Rule 4(b)] standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous." (internal quotation marks and citation omitted); *United States v. Redhead*, No. CR-IO-81-GF-SEH, 2012 WL 3039823, at *1 (D. Mont. July 23, 2012) (quoting

4

Advisory Committee Note, Rule 4, Rules Governing § 2254 Cases: "'[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'"). However, motions stating a factual basis that show "'a real possibility of constitutional error'" should not be dismissed on initial review. *Redhead*, 2012 WL 3039823, at *1 (quoting *Calderon v. United States Dist. Ct.*, 98 F.3d 1102, 1109 (9th Cir. 1996)). If a court dismisses under Rule 4(b), the court should "'enumerate the issues raised by the movant, specify that each is being summarily dismissed in accordance with the rule, and explain the legal grounds for that action.'" *Doss v. United States*, 977 F.2d 580, at *1 (6th Cir. 1992) (table) (quoting *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982) (per curiam)).

Rowe's motion presents one ground for relief, namely, that Title 18 of the United States Code was unconstitutionally enacted and, therefore, his conviction and sentence are void and should be vacated. Essentially, Rowe claims the district court lacked the authority or jurisdiction to enforce the invalid law. Rowe's challenge centers on the mechanics and sequencing of bill passage relative to Article I, Section 7 of the United States Constitution. He alleges that: (1) the 80th Congress adjourned on June 20, 1948; (2) the Speaker of the House signed H.R. 3190, which became Public Law 80-772 and was titled "An act to revise, codify, and enact into positive law Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure,'" on June 22, 1948; (3) the Speaker's signature after adjournment prevented the President from signing, considering, and returning the bill in accordance Article I, Sections 1 and 7 of the United States Constitution; therefore, (4) H.R. 3190, and by extension the entirety of Title 18 under which he was charged and convicted, have no legal force and effect. *See* DE #106 (Motion), at 1.

5

Movant's attack on the constitutionality of Title 18 is meritless. Rowe's particular spin on the validity of H.R. 3190—attacking based on the June 1948 events and the Pocket Veto Clause—is a variant argument of one roundly rejected. Section 3321 has avoided many haymakers thrown by habeas filers. Courts have uniformly affirmed the law in the face of many foundational challenges. *See United States v. Penwell*, 455 Fed. App'x 181, 183-84 (3d Cir. 2011) (collecting cases and stating: "The validity of § 3231 has been affirmed by every court to address it."); *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (describing attack on constitutionality of the enactment of Title 18 as "unbelievably frivolous"); *United States v. Bogle*, 522 Fed. App'x 15 (2d Cir. 2013) (citing *United States v. Farmer*, 583 F.3d 131, 152 (2d Cir. 2009) and relying on the *Marshall Field* doctrine's "enrolled-bill rule" to preclude challenges to Public Law 80-772); *United States v. Hornback*, No. 3:10-13-DCR, 2014 WL 2768872, at *8 (E.D. Ky. June 18, 2014) (specifically noting that "every court to analyze" the issue has deemed it "frivolous and meritless") *Cardenas-Celestino v. United States,* 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (discussing and rejecting similar claim, collecting cases, and noting: "This claim is part of a new rash of frivolous claims raised by prisoners across the country, many of whom have copied the arguments directly from the Internet Websites which propound the argument and developed by a Texas firm, International Legal Service." (citation omitted)).

Rowe's variant fares no better; he does not cite any legal or historical basis that would cause the Court to depart from the clear weight of authority confirming the validity of Public Law 80-772. In fact, the sources appended to Rowe's motion appear to counter his argument. While Congress did in fact adjourn to a specified date on June 20, 1948, *see* 62 Stat. 1435-36 (H. Con. Res. 218), a concurrent resolution enacted the same date authorized the Speaker of the House and President pro tempore of the Senate to sign enrolled bills (including H.R. 3190)

6

previously passed notwithstanding the adjournment, *see id.* (H. Con. Res. 219). Congress then presented H.R. 3190 to the President for signature on June 23, 1948. *See* H. Journal, 80th Cong., 2d Sess. 780 (1948). The President approved and signed H.R. 3190 on June 25, 1948. *See id.* at 782. H.R. 3190 became law upon the President's valid signature. *See Gardner v. Collector of Customs*, 73 U.S. (6 Wall.) 499, 506 (1867) ("The only duty required of the President by the Constitution in regard to a bill which he approves is, that he shall sign it. Nothing more. The simple signing his name at the appropriate place is the one act which the Constitution requires of him as evidence of his approval, and upon his performance of this act the bill becomes a law.").

Rowe's argument really centers on the effect of the June adjournment and whether that adjournment triggered the Pocket Veto Clause and forestalled the efficacy of post-adjournment acts. He poorly develops the law on this, but it is clear to the Court that Rowe misperceives the Pocket Veto Clause standards. The June 1948 adjournment was not a final adjournment of that Congress or a distinct session and was not an adjournment *sine die*. As such, because it was an intrasession adjournment to a date certain, the Pocket Veto Clause did not apply, the post adjournment acts were proper, and President Truman's act of returning the bill signed caused Public Law 80-772 to become law. *See Kennedy v. Sampson*, 511 F.2d 430, 437 (D.C. Cir. 1974), *abrogation on other grounds recognized by Chenoweth v. Clinton*, 181 F.3d 112, 115 (D.C. Cir. 1999) ("[A]n intrasession adjournment of Congress does not prevent the President from returning a bill . . . so long as appropriate arrangements are made for the receipt of presidential messages during the adjournment."); *Wright v. United States*, 58 S. Ct. 395, 400-01 (1938) (brief intracession recess of Congress does not prevent the President's return of a bill); *see also United States v. Levy*, 849 F. Supp. 2d 1353, 1356-57 (S.D. Fla. 2012) (noting that the Speaker of the House and President pro tempore of the Senate were authorized to sign Public

7

Law 80-772 during the intrasession adjournment); *Wolford v. United States*, 362 F. App'x 231, 232 ( 3d Cir. 2010) ("Section 3231 was properly enacted and is binding. The 1948 amendment to the statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman[.]").

Further, even if Movant's empirical arguments were correct, two stopgaps would preclude the relief requested. First, the "enrolled bill" rule, adopted by the Supreme Court in *Marshall Field & Co. v. Clark*, 12 S. Ct. 495 (1892), provides that when a bill is signed by the speaker of the house, the president of the Senate, and the President of the United States, and deposited in the public archive, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable." *Id.* at 497.  Thus, the rule "prevents looking behind laws in the way that [Rowe] proposes." *United States v. Campbell*, 221 Fed. App'x 459, 461 (7th Cir. 2007); s*ee also United States v. Small*, 487 Fed. App'x 302, 303 (7th Cir. 2012) ("But Small's argument is foreclosed by the 'enrolled-bill rule,' under which a bill certified by the presiding officer of each chamber—as was the case with § 3231 . . . –is 'complete and unimpeachable.'" (quoting *Marshall Field & Co.,* 12 S. Ct. at 497)); *Levy*, 849 F. Supp. 2d at 1355 (relying on enrolled-bill rule to reject challenge to the validity of Public Law 80-772). Finally, the Court notes that, even if Rowe's historical allegations had weight, "the predecessor to 18 U.S.C. § 3231 would still be in effect and provide jurisdiction over this matter." *Hornback*, 2014 WL 2768872, at *8 (citing *Cardenas-Celestino*, 552 F. Supp. 2d at 967-68); *see also United States v. Risquet*, 426 F. Supp. 2d 310, 311-12 (E.D. Pa.  2006). Rowe's argument is facially frivolous, and § 2255 affords no relief.

8

### III. Certificate of Appealability

A certificate of appealability may issue where a movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). For dismissals on procedural grounds, as to when a certificate of appealability should issue, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

The instant decision addresses no issue of reasonable debate per the applicable standards. Rowe presented a wholly deficient motion upon which the Court plainly cannot afford relief, as dismissal on Rule 4(b) screening indicates. Thus, no basis exists for issuance of a certificate of appealability.

### IV. Recommendation

Accordingly, the Court **RECOMMENDS** that the District Court **SUMMARILY DISMISS** the motion (DE #106) and **deny** a Certificate of Appealability.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 7th day of March, 2016.

Signed By:
Robert E. Wier   *REW*
United States Magistrate Judge