UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 10-19-KKC-REW-1 |
|---|---|
| Plaintiff, | CIVIL NO. 16-54-KKC-REW |
| V. | MEMORANDUM OPINION AND ORDER |
| KENNETH J. ROWE, | |
| Defendant. | |

Defendant Kenneth Rowe has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (DE 106). Pursuant to local practice, the motion was referred to a United States magistrate judge for review under 28 U.S.C. § 636(b)(1)(B). This matter is now before the Court on United States Magistrate Judge Robert E. Wier's Recommended Disposition (DE 109) and Defendant's Objections. (DE 110). Having conducted a *de novo* review of the portions of the recommendation to which he objects, the Court will adopt the magistrate judge's recommended disposition and deny Defendant's motion.

## I. BACKGROUND

In October 2010, Defendant pleaded guilty to two counts of knowingly distributing one or more visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). (DE 36; DE 44.) On February 4, 2011, United States District Judge Jennifer B. Coffman sentenced Defendant to 360 months imprisonment. (DE 43; DE 46.) Defendant timely appealed his sentence to the Sixth Circuit, which affirmed the sentence in June 2012. (DE 73.)

In June of 2013, Defendant moved for suppression of certain recorded chat dialogues pursuant to 18 U.S.C. § 2518. (DE 89.) This Court's denial of that motion as untimely was affirmed by the Sixth Circuit on December 17, 2014. (DE 93; DE 99.) Defendant's subsequent petition for a

writ of certiorari was denied by the United States Supreme Court on November 16, 2015. (DE 104; DE 105.)

Defendant now moves for post-conviction relief under 28 U.S.C. § 2255. Defendant argues that the procedure utilized to enact H.R. 3190 as Public Law 80-772 was unconstitutional and, thus, the law as codified in Title 18—the federal criminal code—is invalid. (DE 106 at 1–2.) Specifically, Defendant avers that the 80th Congress' temporary adjournment on June 20, 1948, prevented the Speaker of the House from validly signing the Bill on June 22, 1948, and, thus, the President could not have complied with Article I's sign, consider, and return requirements. Consequently, Defendant contends that his conviction under section 2252 of that title is void. (DE 106 at 2.)

## II. ANALYSIS

### A. 28 U.S.C. § 2255

Judge Wier's recommendation provides citations to numerous cases addressing a multitude of variations of Defendant's argument. Every court that has been faced with a challenge to the validity of Title 18 and its predecessor H.R. 3190 has found the enactment constitutional. In 2007, the Seventh Circuit had occasion to address the same argument Defendant now raises. The Court's two sentence order aptly summarizes the tenor of courts' reactions to this theory: "This case is unbelievably frivolous. We AFFIRM." *United States v. States*, 242 F. App'x 362, 363 (7th Cir. 2007). Judge Wier found that Defendant had offered no basis for departure from the clear weight of authority upholding the validity of Title 18 and recommended summary dismissal of Defendant's motion. (DE 109 at 6, 9.)

The Rules Governing Section 2255 Proceedings require dismissal if, upon initial consideration, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b). Defendant has submitted

objections to Judge Wier's recommended dismissal under Rule 4. (DE 110.) This Court must conduct a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Defendant takes issue with Judge Wier's characterization of his argument. Specifically, Defendant contends that he never argued this Court lacked authority or jurisdiction over his prosecution or sentencing. (DE 110 at 2.) As such, Defendant suggests that his challenge is distinguishable from precedent rejecting prior challenges to Title 18 that were more explicit in their reliance on lack of authority or jurisdiction as a basis for relief. (DE 110 at 2.)

Defendant's efforts to characterize his challenge as novel are unpersuasive. Defendant quotes the Supreme Court's declaration that a "conviction under [an unconstitutional law] is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." *Ex Parte Siebold*, 100 U.S. 371, 376–77 (1879). However, the *Siebold* Court went on to explain that *habeas* relief was appropriate in such circumstances because the trial court "acquired no jurisdiction [over the case because its] authority to indict and try the petitioners arose solely upon these [unconstitutional] laws." *Id.* at 377. Given that the Defendant is proceeding *pro se* the Court will attempt to further explain the effect of the full *Siebold* holding on his motion.

What the Defendant seemingly misunderstands is that his argument inherently calls into question both this Court's jurisdiction over his case,[1] and this Court's authority to impose the sentence he now serves. Whether or not Defendant explicitly argues this point, the course of his

---

[1] Notwithstanding the import of *Siebold*, the Court would note that Defendant's attack on the constitutionality of H.R.3190 would nonetheless call this Court's jurisdiction into question given that the same Bill included the grant of original jurisdiction for federal offenses to the United Stated District Courts. Pub. L. No. 80-772, § 3231, 62 Stat. 683, 826 (1948).

3

argument inevitably leads him down the same path that prior challenges to Title 18 have taken. That is, if the statute Defendant was sentenced for violating was unconstitutional, he would be entitled to habeas relief *because* this Court does not have the authority to impose penalties for violations of unconstitutional laws. *See Ex Parte Siebold*, 100 U.S. at 377. Thus, no matter how what terms Defendant attempts to couch his argument in, it is, at its core, a jurisdictional challenge.

Moreover, courts rejecting the challenges that Defendant finds distinguishable did so precisely because they found Defendant's argument meritless; the existence of jurisdiction simply follows from that holding. *See Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 966–67 (W.D. Mo. 2008) (collecting cases). A multitude of courts have directly addressed Defendant's particular argument regarding the constitutionality of Title 18, and each has "reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless." *United States v. Felipe*, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007).[2] In short, there is simply no support for Defendant's claims.

**B. Certificate of Appealability**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

---

[2] Having so held, this Court need not reach Defendant's remaining objections, which are addressed to alternative bases for the recommendation. Though they emphasize the implausibility of Defendant's argument, they are not prerequisites for either Judge Wier's or this Court's ultimate conclusions.

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

As discussed above, there is no claim or objection that raises a meritorious issue regarding constitutional rights. Jurists of reason would not conclude that this Court's assessment of any constitutional claims raised by Defendant was either debatable or wrong. This Court agrees with Judge Wier's finding that a Certificate of Appealability should not issue in this case.

Accordingly, **IT IS ORDERED** that:

1. United States Magistrate Judge Robert E. Wier's Recommended Disposition (DE 109) is **ADOPTED** and **INCORPORATED** herein by reference;

2. Defendant Kenneth Rowe's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (DE 106) is **DENIED**;

3. Judgment shall be entered contemporaneously with this Order; and

4. A Certificate of Appealability **SHALL NOT ISSUE**.

Dated June 7, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY